1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LORENZO CASTENEDA,                    No.  2:21-cv-2196 DAD KJN P

12               Plaintiff,

13        v.                                ORDER

14   J. QUIRING, et al.,

15               Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to

18   42 U.S.C. § 1983, and is proceeding in forma pauperis.  This proceeding was referred to this court

19   pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff's motion to amend and proposed

20   amended complaint are before the court.

21        As discussed below, plaintiff's motion to amend is granted, and plaintiff's claims against

22   newly-added defendants Chamberlin and Arteaga are dismissed with leave to amend.

23   Background

24        On February 16, 2022, the court ordered that this case proceed on complaint against

25   defendants Lt. J. Quirine, Sgt. K. McTaggart, Officer Roe, and Officer Medina for violating

26   plaintiff's Eighth and First Amendment rights (retaliation).  (ECF No. 13 at 2.)  The court's

27   discovery and scheduling order issued on August 2, 2022.

28   ////

                                          1

1    Plaintiff filed his motion to amend on November 15, 2022.  Defendants filed an

2    opposition; plaintiff did not file a reply on or before December 22, 2022.

3    <u>Motion to Amend</u>

4    While amendment of pleadings is ordinarily liberally granted under Federal Rule of Civil

5    Procedure 15(a), after a scheduling order has issued, a movant must demonstrate "good cause" to

6    justify amendment under Federal Rule of Civil Procedure 16(b).  <u>Johnson v. Mammoth</u>

7    <u>Recreations, Inc.</u>, 975 F.2d 604, 606-07 (9th Cir. 1992).  The "good cause" standard "focuses on

8    the diligence of the party seeking amendment."  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607

9    (E.D. Cal. June 16, 1999) (citing <u>Johnson</u>, 975 F.2d at 609).  The district court may modify the

10   pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the

11   extension."  <u>Johnson</u>, 975 F.2d at 609 (internal quotation marks omitted).  "If the party seeking

12   the modification was not diligent, the inquiry should end and the motion to modify should not be

13   granted."  <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation

14   marks omitted).  Put simply, "good cause" means scheduling deadlines cannot be met despite a

15   party's diligence.  6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d

16   ed. 1990).  In addition to a lack of diligence, "prejudice to the party opposing the modification"

17   may supply additional reasons to deny modification.  <u>Johnson</u>, 975 F.2d at 609.

18   In order to demonstrate diligence, plaintiff must show whether he collaborated with the

19   court in setting a schedule; whether matters that were not, and could not have been, foreseeable at

20   the time of the scheduling conference caused the need for amendment; and whether the movant

21   was diligent in seeking amendment once the need to amend became apparent.  <u>Id.</u> at 608

22   (citations omitted).  "[C]arelessness is not compatible with a finding of diligence and offers no

23   reason for a grant of relief."  <u>Johnson</u>, 975 F.2d at 609.  However, the district court is given broad

24   discretion under Rule 16.  <u>Id.</u> at 607.

25   Therefore, in interpreting the "good cause" requirement under Federal Rule of Civil

26   Procedure 16(b), the court considers, primarily, "the diligence of the party seeking the

27   amendment."  <u>Johnson</u>, 975 F.2d at 609.  As a secondary consideration, the court considers the

28   degree of prejudice to the opposing party.  <u>Id.</u>

2

1    Here, defendants Lt. J. Quirine, Sgt. K. McTaggart, Officer Roe, and Officer Medina

2  ("custody defendants") answered the original complaint, and filed a limited opposition to the

3  motion to amend.  Plaintiff sued the newly-named defendants K. Chamberlin and M. Arteaga as

4  Doe defendants in the original complaint.  Plaintiff did not move to substitute such individuals in

5  place of the Doe defendants in the original complaint.  Rather, plaintiff submitted a proposed

6  amended complaint.

7    Plaintiff identified these two new defendants through discovery.  Plaintiff did not unduly

8  delay bringing his motion to amend, and the custody defendants do not oppose the motion to

9  amend so long as adjustments to the scheduling order are made to accommodate discovery as to

10  any newly-added defendant.  The undersigned finds that plaintiff was diligent, and defendants

11  will not be prejudiced by the amendment.

12    Accordingly, plaintiff's motion to amend is granted, and the court now screens the

13  amended complaint.

14  Amended Complaint

15    Screening Standards

16    The court is required to screen complaints brought by prisoners seeking relief against a

17  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

18  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

19  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

20  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

21    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

22  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

23  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

24  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

25  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

26  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

27  Cir. 1989); Franklin, 745 F.2d at 1227.

28  ////

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Discussion

In his amended complaint, plaintiff renews his First Amendment, Eighth Amendment, and conspiracy claims against defendants Lt. J. Quirine, Sgt. K. McTaggart, Officer Roe, and Officer Medina, which again state potentially cognizable civil rights claims.  Such claims are based on plaintiff's allegations that on April 1, 2021, in retaliation for plaintiff filing 602 grievances, defendants McTaggart and Quiring ordered plaintiff restrained, and defendant Roe applied handcuffs extremely tight to plaintiff's hands behind his back, and then defendants put him in a stand up cage with no seat or room to move around, and left him there for four hours without restroom breaks or drinking water.  On April 2, 2021, in retaliation for plaintiff filing 602 grievances, defendants McTaggart and Quiring ordered plaintiff to be restrained, and defendant Medina applied handcuffs extremely tight to plaintiff's hands behind his back, and defendants returned him to the stand-up cage with no seat or room to move around, where he was left for eight hours without restroom breaks or drinking water.  Such defendants shall file an amended answer.

Plaintiff now names K. Chamberlin and M. Arteaga, both Licensed Vocational Nurses ("LVN") at Mule Creek State Prison ("MCSP"), as defendants.  Plaintiff alleges that on April 1, 2021, defendant Chamberlin refused to document plaintiff's injuries on a 7219 form.  (ECF No. 29 at 6.)  Plaintiff states his injuries were "bruises and swollen wrist and physical pain to his back, shoulders, neck, knees, and feet."  (Id.)  On April 2, 2021, plaintiff asked defendant Arteaga

4

1   to document plaintiff's injuries, and Arteaga responded: "no, no, no, I am not going to report

2   anything." (Id.)

3        Plaintiff then claims that the actions of "defendants" resulted in plaintiff having to urinate

4   on himself while handcuffed in the small cage. Plaintiff contends "defendants" acted in concert

5   with each other and reached an understanding to cover up their misconduct by falsifying holding

6   cell logs documenting regular staff checks and bathroom breaks, and by refusing to document

7   plaintiff's injuries on a 7219 injury report form. On information and belief, plaintiff alleges that

8   defendants Chamberlin and Arteaga have a significant history of conspiring with correctional

9   staff to falsify medical records reflecting that the subject inmate did not suffer any injuries. (ECF

10  No. 29 at 7.) Plaintiff alleges that he informed defendants Chamberlin and Arteaga of his medical

11  conditions that included back surgery, severe chronic pain to his wrist, knees, feet and back, and

12  pleaded with them to loosen the mechanical restraints. Further, plaintiff alleges that defendants

13  Chamberlin and Arteaga "joined the conspiracy when they took concerted action by refusing to

14  document plaintiff's injuries." (ECF No. 29 at 15.) Plaintiff asserts that Chamberlin's refusal to

15  document plaintiff's injuries on the 7219 form and Arteaga's statement that he would not report

16  anything demonstrate an agreement and meeting of the minds among defendants to cover up the

17  mistreatment of plaintiff. (Id.)

18       <u>Cover-Up</u>

19       To the extent that plaintiff contends defendants conspired to cover up their acts and

20  omissions against plaintiff, such cover-up claim is premature as to all defendants. Allegations

21  that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived a

22  plaintiff of his right of access to courts by causing him to fail to obtain redress for the

23  constitutional violation that was the subject of the cover-up. <u>Dell v. Espinoza</u>, 2017 WL 531893,

24  at *6-7 (E.D. Cal. Feb. 7, 2017) (citing <u>see</u> <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d

25  621, 625 (9th Cir. 1988) (cover-up "allegations may state a federally cognizable claim provided

26  that defendants' actions can be causally connected to a failure to succeed in the present

27  lawsuit.")).

28  ////

A cover-up claim is premature when, as here, plaintiff's action seeking redress for the underlying constitutional violations remains pending.  See Karim-Panahi, 839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when action challenging misconduct was pending); Rose v. City of Los Angeles, 814 F. Supp. 878, 881 (C.D. Cal. 1993) ("Because the ultimate resolution of the present suit remains in doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.")  Therefore, plaintiff fails to state a claim against any of the defendants for covering up their alleged misconduct against plaintiff.

### Failure to Document Plaintiff's Injuries

Plaintiff alleges that both defendants Chamberlin and Arteaga refused to document plaintiff's injuries, and that CDCR policy required that plaintiff's injuries be documented in a CDCR 7219 injuries report.  (ECF No. 29 at 15.)  However, while the failure to complete a form 7219 may violate CDCR policy, such failure, standing alone, is insufficient to state a civil rights claim.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  See, e.g., Nible v. Fink, 828 F. App'x 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right).

### Defendants Chamberlin and Arteaga

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes,

452 U.S. at 346. Prison officials have a duty to ensure that prisoners are provided adequate

shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d

726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a

prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045

(quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were

deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S.

at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d

807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Lewis, 217 F.3d at 731; Frost v. Agnos,

152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective

and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently

serious. . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does

not rise to the level of a constitutional violation. Lewis, 217 F.3d at 731. Rather, extreme

deprivations are required to make out a conditions of confinement claim, and only those

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to

form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v.

McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are

critical in determining whether the conditions complained of are grave enough to form the basis

of a viable Eighth Amendment claim. Lewis, 217 F.3d at 731. Second, the prison official must

"know[ ] of and disregard[ ] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at

837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane

conditions of confinement only if he knows that inmates face a substantial risk of harm and

disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere

negligence on the part of the prison official is not sufficient to establish liability, but rather, the

official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

The undersigned finds that plaintiff's claims against defendants Chamberlin and Arteaga

are too vague and conclusory to demonstrate an extreme deprivation that rises to the level of an

Eighth Amendment violation. Plaintiff fails to allege facts showing that each defendant knew

7

plaintiff faced a substantial risk of serious harm and acted against plaintiff while deliberately ignoring the risk, causing plaintiff harm.  Indeed, plaintiff does not allege that he sought medical care from either defendant Chamberlin or Arteaga; rather, he contends each failed to document plaintiff's injuries on the 7219 form.  It is unclear at what point on each day the alleged refusals took place, but given that plaintiff sought documentation of his injuries, an inference is raised that the refusal took place near the end of his placement in, or upon his release from, the holding cage. Plaintiff alleges no facts demonstrating that defendants Chamberlin and Arteaga were aware how long plaintiff had been held in the holding cage; rather, he claims that the custody defendants fabricated holding cell logs, raising an inference that defendants Chamberlin and Arteaga could not verify plaintiff's claims to the contrary.  Moreover, because defendants Chamberlin and Arteaga were medical staff, not custody staff, they would be unable to loosen plaintiff's handcuffs or release him from the holding cage.

Plaintiff's conspiracy claims against defendants Chamberlin and Arteaga fail because his allegations are conclusory and speculative.  Plaintiff's allegation that such defendants "joined the conspiracy" by refusing to document plaintiff's injuries on the form 7219, and such refusal, along with Arteaga's statement he would not report anything demonstrate a meeting of the minds, are mere conclusions drawn by plaintiff, absent specific facts in support.  Plaintiff alleges no facts demonstrating that each defendant was aware of the actions or omissions of the custody defendants, or that each was aware such actions were taken because of plaintiff's conduct protected under the First Amendment.

Because plaintiff's allegations as to defendants Chamberlin and Arteaga are vague and conclusory, the court is unable to determine whether such claims are frivolous or fail to state a claim for relief.  It is unclear whether plaintiff can allege facts demonstrating that defendants Chamberlin and Arteaga violated plaintiff's Eighth Amendment rights.  However, in an abundance of caution, plaintiff is granted leave to file a second amended complaint in an effort to do so.  In the alternative, plaintiff may elect to proceed on his amended complaint based solely on his First and Eighth Amendment and conspiracy claims as to the custody defendants.

////

1   <u>Leave to Amend</u>

2          If plaintiff chooses to file a second amended complaint, plaintiff should renew his claims

3   against the custody defendants.  As to his putative claims against defendants Chamberlin and

4   Arteaga, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of

5   plaintiff's federal constitutional or statutory rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir.

6   1980).  Also, the second amended complaint must allege in specific terms how each named

7   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

8   affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo</u>

9   <u>v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v.</u>

10  <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of

11  official participation in civil rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d

12  266, 268 (9th Cir. 1982).

13         Plaintiff should avoid broad allegations attributed solely to "defendants."  Plaintiff should

14  not renew his cover-up claims in any amended complaint.

15         A second amended complaint must be complete in itself without reference to any prior

16  pleading.  Local Rule 220; <u>See</u> <u>Ramirez v. County of San Bernardino</u>, 806 F.3d 1002, 1008 (9th

17  Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as

18  non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the

19  original or prior pleading is superseded.

20  <u>Further Scheduling</u>

21         In light of this order, the discovery and scheduling order is modified.  Discovery as to the

22  custody defendants is now closed.[1]  The February 24, 2023 pretrial motions deadline is vacated.

23  A revised scheduling order will issue, as appropriate, once plaintiff makes his election.

24  ////

25  ////

26

27  ─────────────────
    [1]  Plaintiff's motion to compel production of documents (ECF No. 30) was timely filed and
28  custody defendants were granted an extension of time until February 9, 2023, to oppose the
    motion.  (ECF No. 34.).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's claims against defendants Chamberlin and Arteaga are dismissed with leave to amend.

2.  Plaintiff is granted thirty days from the date of service of this order to make an election.  Plaintiff may choose to proceed on his amended complaint solely as to his First and Eighth Amendment and conspiracy claims against the custody defendants, or in the alternative, plaintiff may choose to file a second amended complaint in an attempt to state cognizable Eighth Amendment claims against defendants Chamberlin and Arteaga.  If plaintiff chooses to amend, he must file a second amended complaint on the court's complaint form that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that the following claims be dismissed: plaintiff's cover-up claims as to all defendants, and his new claims against defendants Chamberlin and Arteaga.

3.  Discovery as to defendants Lt. J. Quirine, Sgt. K. McTaggart, Officer Roe, and Officer Medina is closed.

4.  The February 24, 2023 pretrial motions deadline is vacated.

5.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  December 30, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/cast2196.mta

1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 LORENZO CASTENEDA,                            No.  2:21-cv-2196 DAD KJN P

12            Plaintiff,

13     v.                                        NOTICE OF ELECTION

14 J. QUIRING, et al.,

15            Defendants.

16

17     Plaintiff makes the following election pursuant to the court's order filed December ___,

18 2022.

19        _____     Plaintiff elects to proceed on his amended complaint (ECF No. 29).

20        _____      Plaintiff consents to the dismissal of defendants Chamberlin and Arteaga

21 and plaintiff's cover-up claims without prejudice.

22     OR

23        _____ Plaintiff opts to file a second amended complaint and delay this action.

24 DATED:

25                                        _____

26                                        Plaintiff

27

28

1