UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CASTENEDA, | No. 2:21-cv-2196 DAD KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. QUIRING, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se with an action brought under 42 U.S.C. § 1983.  Plaintiff's motion to compel production of documents, fully briefed, is now before the court.  As set forth below, plaintiff's motion to compel is partially granted.

I. Plaintiff's Second Amended Complaint

Plaintiff, under the EOP[1] level of mental health care, alleges that on two separate occasions, defendants J. Quiring, K. McTaggart, J. Rowe and S. Medina conspired to violate plaintiff's Eighth and First Amendment rights by handcuffing his hands extremely tightly behind his back and placing him in a small stand up cage with no seat and without water or restroom

---

[1] The Mental Health Services Delivery System Program Guide for the California Department of Corrections and Rehabilitation provides four levels of mental health care services:  Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care.  Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

1

breaks for four hours and eight hours, respectively, while mocking plaintiff and telling him to file an appeal like plaintiff "always" does. (ECF No. 36.) Plaintiff also alleges that defendants K.E. Chamberlin and M.K. Arteaga, both LVNs, refused to render plaintiff medical care and conspired with the other defendants in violation of the Eighth Amendment. (ECF No. 36 at 6-7.)

## II. Motion to Compel Discovery

### A. Applicable Legal Standards Governing Discovery Disputes

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such "motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738 at *1 (E.D. Cal. 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified."). However, the undersigned is vested with broad discretion to manage discovery; despite the discovery procedures discussed herein, plaintiff is entitled to leniency as a pro se litigant. Thus, to the extent possible, the

undersigned attempts to resolve plaintiff's motion to compel on the merits. Hunt, 672 F.3d at 616; Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

The reach of Rule 34 of the Federal Rules of Civil Procedure, which governs requests for production, "extends to all relevant documents, tangible things and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-73 (D. Nev. 1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381. "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). The responding party is responsible for all items in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995). "The party seeking production of the documents bears the burden of proving that the documents are in the other party's possession, custody, or control." Philippe Charriol Int'l Ltd. v. A'lor Int'l Ltd., 2016 WL 7634440, at *2 (S.D. Cal. Mar. 10, 2016) (citing United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989)).

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." U.S. ex rel. O'Connell v. Chapman University, 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

3

Id. "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

### Official Information Privilege

Federal common law recognizes a qualified privilege for official information. See Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 511 F.2d 192, 197-98 (9th Cir. 1975), aff'd 426 U.S. 394 (1976). To determine whether the official information privilege applies, the court must balance the interests of the party seeking discovery and the interests of the government entity asserting the privilege. Soto, 162 F.R.D. at 613. In the context of a civil rights action, "this balancing approach is moderately 'pre-weight[ed] in favor of disclosure.'" Bryant v. Armstrong, 285 F.R.D. 596, 605 (S.D. Cal. June 14, 2012) (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987)).

This court's duty to balance the parties' interests in disclosure are triggered when the party opposing disclosure makes a "substantial threshold showing." Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 669). The party opposing disclosure "must submit a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit." Soto, 162 F.R.D. at 613; see also Stevenson v. Blake, 2012 WL 3282892, at *2 (S.D. Cal. Aug. 10, 2012). The declaration must include: "(1) an affirmation that the agency has maintained the confidentiality of the documents at issue; (2) a statement that the official has personally reviewed the documents; (3) a specific identification of the governmental or privacy interests that would be compromised by production; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to these interests; and (5) a projection of how much harm would be done to these interests if disclosure were made." Soto, 162 F.R.D. at 613 (citing Kelly, 114 F.R.D. at 670). "A strong affidavit would also describe how the plaintiff could acquire information of equivalent value from other sources

without undue economic burden." Soto, 162 F.R.D. at 613.

If the objecting party does not meet the requirements for invoking the privilege, a court will typically overrule the privilege objection and order full disclosure. Bryant v. Armstrong, 285 F.R.D. at 605. "[I]f the party meets this burden, courts generally conduct an in camera review of the material and balance each party's interests." Davis v. Schneider, 2020 WL 9074713 at *7 (C.D. Cal. Dec. 18, 2020) (citing Soto, 162 F.R.D. at 613; Kelly, 114 F.R.D. at 671).

Local Rule 251

As set forth in the court's scheduling order, "unless otherwise ordered, Local Rule 251 shall not apply." (ECF No. 26 at 5.)

B. Failure to Meet and Confer

Defendants demonstrated their efforts to meet and confer, but plaintiff contends defendants delayed their efforts and failed to provide him with sufficient notice for the phone calls. Plaintiff raises valid points as to his being at the mercy of prison staff in terms of retrieving his legal materials. But even if plaintiff failed to properly follow the meet and confer process under Rule 37(a), defendants' objections are overruled.[2] The court relieved the parties of the meet and confer requirement under Local Rule 251 because plaintiff is incarcerated, making it difficult for the parties to engage in face to face conferences.

The court now turns to the merits of plaintiff's motion.

C. Discovery Requests at Issue

Defendants J. Rowe and S. Medina RPD No. 3

> Produce complains [sic] of misconduct contained in defendants personnel file made against defendant[s] that are sufficiently similar to the claims brought in plaintiff['s] law suit including notices of progressive discipline, adverse personnel action, counseling, reprimand, and remedial training, related to inmates complaints - against defendant alleging unreasonable use of restrain[t]s, excessive force, leaving inmates in a cage cuff up behind the back with no water, no food, no restroom, fabrication of CDCR - 7219 form Injury

---

[2] Federal Rule of Civil Procedure 37(a) contains a requirement that the movant attempt to resolve any disputes prior to seeking court intervention. However, while compliance with that rule has not been explicitly excused and the court encourages parties to attempt to resolve disputes prior to seeking court intervention, because plaintiff is incarcerated and proceeding pro se, it is not enforced here and does not provide grounds for denying the motion.

5

     Report, Fabrication of Documents. . . .

(ECF No. 45 at 26-27, 32.)

  <u>Response</u>

    Defendants object to this request as compound. Defendants further object to this request as vague and ambiguous, specifically with respect to the terms "complains," "progressive discipline," "adverse personal action," "counseling," "reprimand," "remedial training," "case," "cuff up," and "fabrication of CDCR 7219 form Injury Report." Defendants further object to this request because it seeks information that is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants further object to this request on the grounds that it seeks information that is protected from disclosure by the official information privilege, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, because it seeks grievances or complaints submitted by inmates who have not consented to the release of their grievances, and that are protected by state and federal privacy laws, including the official-information privilege, California Code of Regulations, title 15, section 3370, and California Penal Code sections 832.7 and 832.8. Defendants further object to this request on the ground that it seeks confidential peace officer personnel information protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043.

    Subject to and without waiving these objections, Defendants respond to this request as follows: No confidential documents will be produced. A privilege log has been provided and attached hereto.

(ECF No. 45 at 27, 32.)

  In his motion, plaintiff provided no specific reasons why a further response to these two particular requests is required. Rather, at the beginning of his motion, he generally contends that defendants' objections do not meet the requirements for invoking the privilege, and the court should order defendants to produce the requested material from defendants' personnel files or review such documents in camera. (ECF No. 30 at 1) (citing <u>Bryant v. Armstrong</u>, 285 F.R.D. at 605). Plaintiff contends that in excessive force cases such as this, officers' disciplinary records and misconduct complaints are relevant to show the officer's credibility, motive and pattern of behavior.

  In opposition,

> [d]efendants repeat their objections to this request; specifically, defendants' object that this request is vague and ambiguous, specifically with respect to the terms "similar acts," "claimed in plaintiff law suit." Defendants are unaware of what Plaintiff is requesting with the phrase similar acts, even with plaintiff's examples.

(ECF No. 41 at 9.)

The privilege log identifies one notice of adverse action as to defendant Medina. (ECF No. 50 at 6.) However, the adverse action was based on Medina filing a tardy report concerning Medina witnessing two inmates fighting. Plaintiff fails to explain how such document is relevant to plaintiff's claims. No further response is required.

<u>Defendant J. Quiring RPD No. 1</u>[3]

Plaintiff did not write out the specific discovery request, but defendants respond as if plaintiff seeks an order compelling a further response to the following request:

> Produce complain[t]s of misconduct contained in defendants personal file made against defendant J. Quiring that are sufficiently similar to the claims brought in plaintiff law suit including notices of progressive discipline, adverse personal action, counseling, reprimand, and remedial training, related to inmates complaints - against defendant alleging unreasonable use of restraints, excessive force, leaving inmates in a cage cuff up behind the back, with no water, food, or restroom, fabrication of CDCR-7219-form injury report, fabrication of documents... Certain documents contained in defendants personnel files are relevant to plaintiff claims in this action, because they may reveal the defendants - credibility, motive, and patterns of behavior- (see <u>Harris v. German</u>, 2019 WL 4640503 at 8 (E.D. Cal. Sept. 24, 2019).

(ECF No. 45 at 14.)

<u>Response</u>

> Defendants object to this request as compound. Defendants further object to this request as vague and ambiguous, specifically with respect to the terms "complains," "progressive discipline," "adverse personal action," "counseling," "reprimand," "remedial training," "case," "cuff up," "fabrication of CDCR 7219 form Injury Report," and "fabrication of documents." Defendants further object to this request because it seeks information that is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the

---

[3] Plaintiff's motion combines J. Quiring's RPD Request No.1 and Request No. 2. For clarity and the convenience of the court, defendants separated them in this statement.

7

> importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants further object to this request on the grounds that it seeks information that is protected from disclosure by the official-information privilege, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, because it seeks grievances or complaints submitted by inmates who have not consented to the release of their grievances, and that are protected by state and federal privacy laws, including the official-information privilege, California Code of Regulations, title 15, section 3370, and California Penal Code sections 832.7 and 832.8. Defendants further object to this request on the ground that it seeks confidential peace officer personnel information protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. Subject to and without waiving these objections, Defendants respond to this request as follows: After a diligent search and reasonable inquiry, Defendant has not discovered any documents in its position that are responsive to this request for complaints of misconduct against Defendant Quiring for "similar acts" claimed in Plaintiff's lawsuit.

(ECF No. 45 at 14-15.)

Plaintiff did not specifically address why the response was insufficient or demonstrate that a further response is necessary, other than his generalized objections set forth at the beginning of his motion.

In opposition,

> Defendants repeat the objections stated in their response. Defendants again repeat that after a diligent search and reasonable inquiry, Defendants have not discovered any documents in its possession that would be responsive to the request. Accordingly, the Court should deny this request.

(ECF No. 41 at 12.)

Despite defendants' objections, defendants conducted a diligent search and reasonable inquiry yet found no documents responsive to this request. Therefore, no further response is required.

Defendant J. Quiring RPD No. 2[4]

Plaintiff did not write out the specific discovery request, but defendants respond as if

---

[4] Plaintiff's motion combined J. Quiring's RPD Request Nos.1 and 2, but for clarity, they are separated herein.

8

plaintiff seeks an order compelling a further response to the following request:

> Produce all inmates' grievances kept within the inmate appeals tracking system (IATS) and third level appeals at Sacramento against the defendant by inmates for similar acts claimed in plaintiff law suit, specifically unreasonable use of restraints, excessive force, fabrication of 7219 form injury report, leaving inmates in a cage cuff up behind the back, with no water, no food, or restroom, fabrication of documents. The request is reasonably calculated to lead to the discovery of admissible evidence because several complaints, grievances have been filed against defendants alleging similar misconduct against inmates, such grievances may also disclose - witnesses who would testify as to defendant misconduct. (see, Garcia v. Cluck, 2013 WL 6441474, at - 2, (S.D. Cal Dec. 9, 2013, finding complaints by other inmates about conduct similar to the plaintiff are relevant and directing production of such documents.

(ECF No. 45 at 15.)

Response

> Defendants object to this request as compound. Defendants further object to this request as vague and ambiguous, specifically with respect to the terms "similar acts," "claimed in plaintiff lawsuit" "cage cuff up," and "fabrication of documents." Defendants further object to this request because it seeks information that is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants further object to this request on the grounds that it seeks information that is protected from disclosure by the official information privilege, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, because it seeks grievances or complaints submitted by inmates who have not consented to the release of their grievances, and that are protected by state and federal privacy laws, including the official-information privilege, California Code of Regulations, title 15, section 3370, and California Penal Code sections 832.7 and 832.8. Defendants further object to this request on the ground that it seeks confidential peace officer personnel information protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. Subject to and without waiving these objections, Defendants respond to this request as follows: After a diligent search and reasonable inquiry, Defendant has not discovered any documents in its position that are responsive to this request for inmate grievances kept within IATS against Defendant Quiring for "similar acts" claimed in plaintiff lawsuit.

(ECF No. 45 at 15-16.)

Plaintiff did not specifically address why the response was insufficient or demonstrate that

a further response is necessary, other than his generalized objections noted above.

In opposition,

> Defendants repeat the objections stated in their response. Defendants again repeat that after a diligent search and reasonable inquiry, Defendants have not discovered any documents in its possession that would be responsive to the request. Accordingly, the Court should deny this request.

(ECF No. 41 at 14.)

Defendants discovered no documents responsive to this request. Therefore, no further response is required.

Rowe and Medina RPD No. 1

> Produce the video from Facility-A surveillance system for the date of April 01, 2021, this video recorded defendant J. Rowe escorting plaintiff cuff up behind his back.

(ECF No. 30 at 10; 45 at 26, 31.)

Response

> Defendants object to this request as vague and ambiguous, specifically with respect to the term "Facility-A surveillance system." It is overly broad in scope and time. The request is argumentative and lacks foundation because it assumes Defendant Rowe was videotaped while escorting plaintiff on April 1, 2021.
>
> Subject to and without waiving these objections, defendants respond to this request as follows: After a diligent search and reasonable inquiry, defendant has not discovered any video recording in its possession that is responsive to this request.

(ECF No. 45 at 26 (Rowe).)

> Defendants object to this request as vague and ambiguous, specifically with respect to the term "Facility-A surveillance system." The request is overbroad in scope. It is argumentative and lacks foundation because the request assumes video footage of defendant Medina escorting plaintiff on April 2, 2021 exists.
>
> Subject to and without waiving these objections, defendants respond to this request as follows: After a diligent search and reasonable inquiry, defendant has not discovered any video recordings in its possession that is responsive to this request.

(ECF No. 45 at 31 (Medina).)

Plaintiff argues that defendants have a "significant history" of falsely claiming video footage does not exist. Plaintiff alleges that defendants do in fact have video footage and are

10

lying by claiming otherwise. Plaintiff asks the court to review the requested video footage to confirm whether or not it exists.

In opposition,

> Defendants repeat the objections stated in their attached response. Regardless, defendants again state that after a diligent search and reasonable inquiry, defendants have not discovered any video evidence in its possession that would be responsive to the request. Defendants cannot produce, either to plaintiff or the court for review, that which does not exist.

(ECF No. 41 at 20.)

In reply, plaintiff argues that in response to plaintiff's request for admission no. 7, defendant Quiring admitted that "some areas of MCSP A Facility yard have video surveillance." (ECF No. 45 at 8.) In addition, plaintiff cites incidents where video taken in front of Building 5 Facility A at MCSP was used as evidence to convict other inmates. (ECF No. 45 at 9-10, 66-101.) Plaintiff contends that when video is sought to support inmates' claims of staff misconduct, defendants deny such video exists, and cites Rodriguez v. Knight, No. 2:19-cv-2322 DB (E.D. Cal.), where the inmate's request for video was denied because no video was discovered. (ECF No. 45 at 10-11.) Plaintiff contends these examples demonstrate that defendants cannot be trusted to provide true responses, and the court should order defendants to provide the video footage for the court to review in camera. (Id.)

"Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one 'cannot be required to produce the impossible.'" Berger v. Home Depot USA, Inc., 2010 WL 11558000, at *7 (C.D. Cal. Oct. 7, 2010) (quoting Zervos v. S. S. Sam Houston, 79 F.R.D. 593, 595 (S.D. N.Y. 1978), and LaChemise Lacoste v. Alligator Co., 60 F.R.D. 164, 172 (D. Del. 1973)). The "court cannot compel a party to produce documents that do not exist and a mere suspicion that additional documents exist is an insufficient basis to grant a motion to compel. K.C.R. v. Cty. of Los Angeles, 2014 WL 12725470, at *8 (C.D. Cal. Aug. 6, 2014). To succeed on the motion, "the moving party must have a colorable basis for its belief that relevant, responsive documents exist and are being improperly withheld." K.C.R., 2014 WL

11

12725470, at *8.

Here, plaintiff speculates that defendants are lying based on plaintiff's conclusory statement that defendants have a significant history of falsely claiming video footage does not exist. Such speculation does not provide a colorable basis for plaintiff's belief that the alleged video footage exists. Moreover, the fact that video footage was produced at prison disciplinary hearings conducted soon after an incident does not demonstrate that video footage of incidents in April 2021 still existed in October of 2022 when defendants responded to plaintiff's discovery. Plaintiff's reference to one other case where defendants claimed no video was discovered does not constitute a "significant history" of false claims.

The court cannot order a party to produce a video that does not exist. No further response is required.

### D. Discovery Requests re Inmate Grievances

The following discovery requests seek grievances filed by other inmates. First, the discovery requests and responses and the parties' briefing are set forth, then pertinent grievances are discussed thereafter.

Defendant J. Rowe and S. Medina RPD No. 4

> Produce all inmates grievances -- kept within the Inmate Appeal Tracking System -- ("IATS") and third level appeals at Sacramento – against the defendant by inmates for similar acts claimed in plaintiff lawsuit, specifically unreasonable use of restraints, excessive force[,] fabrication of 7219 form injury report, leaving inmates in a cage cuff up behind the back, with no water, no food, no restroom, fabrication of documents.

(ECF No. 30 at 7; ECF No. 45 at 32-33.)

Response

> Defendants object to this request as compound. Defendants further object to this request as vague and ambiguous, specifically with respect to the terms "similar acts," "claimed in plaintiff law suit" "cage cuff up," and "fabrication of documents." Defendants further object to this request because it seeks information that is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants further object to this request on the grounds that it seeks information that is protected from

> disclosure by the official information privilege, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, because it seeks grievances or complaints submitted by inmates who have not consented to the release of their grievances, and that are protected by state and federal privacy laws, including the official-information privilege, California Code of Regulations, title 15, section 3370, and California Penal Code sections 832.7 and 832.8. Defendants further object to this request on the ground that it seeks confidential peace officer personnel information protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. Subject to and without waiving these objections, Defendants respond to this request as follows: No confidential documents will be produced. A privilege log has been provided and attached hereto.

(ECF No. 45 at 28.)

Again, plaintiff did not provide a reason that a further response to these two particular requests should be compelled, but generally argues that defendants fail to meet the requirements to invoke the privilege, and the court should order defendants to produce the requested material from defendants' personnel file or review such documents in camera.

In opposition,

> [d]efendants repeat their objections to this request. In particular, Defendants' repeat their objections that this request is vague and ambiguous, specifically with respect to the terms "similar acts," "claimed in plaintiff law suit." Defendants are unaware of what Plaintiff is requesting with the phrase similar acts, even with Plaintiff's examples.

(ECF Nos. 41 at 10, 45 at 28, 33.)

<u>Defendant McTaggart RPD No. 4</u>[5]

Plaintiff did not write out the specific discovery request, but defendants respond as if

---

[5] Plaintiff's motion combines McTaggart's RPD Request Nos. 4 and 5, but for clarity they are addressed separately herein. In addition, plaintiff claims to seek production of McTaggart's RPD No. 6, "provide the MCSP Facility A sign in sheet for the date of April 1, 2021, and April 2, 2021, from 6:00 a.m. to 4:00 p.m.," claiming defendant did not provide a response. (ECF No. 30 at 13.) However, the RPD No. 6 cited by plaintiff does not match the RPD No. 6 propounded to defendant McTaggart. (ECF No. 45 at 22.) Moreover, defendant's response confirms that responsive documents were provided despite McTaggart's objection. (<u>Id.</u>) No further response to RPD No. 6 is required.

13

plaintiff seeks an order compelling a further response to the following request:

> Produce complains of misconduct contained in defendants personnel files made against defendant – K. McTaggart that are sufficiently similar to the claims brought in plaintiff['s] law suit including notices of progressive discipline, adverse personal action, counseling, reprimand, and remedial training – related to inmates complaints against defendant alleging unreasonable use of restrains – excessive force, leaving inmates in a case cuff up behind the back with no water, no food, and no restroom, fabrication of CDCR 7219 form Injury Report, Fabrication of Documents.

(ECF No. 45 at 20.)[6]

Response

> Defendants object to this request as compound. Defendants further object to this request as vague and ambiguous, specifically with respect to the terms "complains," "progressive discipline," "adverse personal action," "counseling," "reprimand," "remedial training," "case," "cuff up," and "fabrication of CDCR 7219 form Injury Report." Defendants further object to this request because it seeks information that is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants further object to this request on the grounds that it seeks information that is protected from disclosure by the official information privilege, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, because it seeks grievances or complaints submitted by inmates who have not consented to the release of their grievances, and that are protected by state and federal privacy laws, including the official-information privilege, California Code of Regulations, title 15, section 3370, and California Penal Code sections 832.7 and 832.8. Defendants further object to this request on the ground that it seeks confidential peace officer personnel information protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. Subject to and without waiving these objections, Defendants respond to this request as follows: After a diligent search and reasonable inquiry, Defendant has not discovered any documents in its position that are responsive to this request for complaints of misconduct against Defendant McTaggart for "similar acts" claimed in plaintiff lawsuit.

---

[6] Although this request seeks complaints of misconduct contained in K. McTaggart's personnel file, the request is included in this section because the responses include references to grievance no. 79785.  Defendants responded that they found no complaints of misconduct in K. McTaggart's personnel file.  Because defendants cannot be compelled to produce documents that do not exist, no further response to RPD No. 4 is required.

14

(ECF No. 45 at 20-21.)

In his motion, plaintiff cites to a "complaint" filed by a fellow inmate Rodger Alley, T-36335, with the log number "079785," and claims the grievance alleged that defendants Sgt. K. McTaggart and S. Medina and other staff beat, assaulted, and cuffed Alley up behind his back and left him in a cage for several hours without food, water or restroom, during which Alley pleaded for help from defendant Quiring, who told Alley to "man up, and ignored [Alley's] pleas." (ECF No. 30 at 8.) Plaintiff argues that such claims are sufficiently similar to plaintiff's claims herein, demonstrating that defendants' responses are "misleading and false." (Id.) Plaintiff contends that the defendants in this case have significant histories of misconduct toward inmates at MCSP, and the Eastern District has a large volume of lawsuits against MCSP Facility A staff, including some of the defendants herein. (ECF No. 30 at 9.) Plaintiff argues that this demonstrates that defendants cannot be trusted to conduct the review of defendants' personnel files and therefore the court should review defendants' personnel files.

In opposition,

> [d]efendants repeat the objections stated in their response. Defendants again repeat that after a diligent search and reasonable inquiry, Defendants have not discovered any documents in its possession that would be responsive to the request. Accordingly, the Court should deny this request.
>
> In regards to the grievance with the log number 079785, plaintiff is mistaken. Defendant McTaggart was interviewed as a witness and to the alleged misconduct of two other staff members, who are not named Defendants in this matter. Defendant McTaggart was not the subject of the grievance. Defendant McTaggart's name does not appear in the grievance at all. Defendants would consent to an in-camera review by the Court of these grievance documents and the administrative response.

(ECF No. 41 at 15.)

In reply, plaintiff contends Alley's claims in his complaint are sufficiently similar to plaintiff's claims herein, demonstrating that defendants' claims that they have not discovered any documents responsive to complaints of misconduct against defendants Quiring and McTaggart are misleading and false. (ECF No. 30 at 8.) Plaintiff claims such records of misconduct are material to support plaintiff's case before a jury because defendants in this case have a significant

15

history of misconduct toward the inmate population at A-Facility at MCSP.  (ECF No. 30 at 9.)

Defendant McTaggart RPD No. 5[7]

Plaintiff did not write out the specific discovery request, but defendants respond as if plaintiff seeks an order compelling a further response to the following request:

> Produce all inmates' grievances kept within the inmate appeals tracking system (IATS) and third level appeals at Sacramento against the defendant by inmates for similar acts claimed in plaintiff law suit, specifically unreasonable use of restrain[t]s, excessive force, fabrication of 7219 form Injury Report, leaving inmates in a cage cuff up behind the back with no water, no food, no restroom, fabrication of documents.

(ECF No. 45 at 21.)

Response

> Defendants object to this request as compound. Defendants further object to this request as vague and ambiguous, specifically with respect to the terms "similar acts," "claimed in plaintiff lawsuit" "cage cuff up," and "fabrication of documents." Defendants further object to this request because it seeks information that is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants further object to this request on the grounds that it seeks information that is protected from disclosure by the official information privilege, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, because it seeks grievances or complaints submitted by inmates who have not consented to the release of their grievances, and that are protected by state and federal privacy laws, including the official-information privilege, California Code of Regulations, title 15, section 3370, and California Penal Code sections 832.7 and 832.8. Defendants further object to this request on the ground that it seeks confidential peace officer personnel information protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. Subject to and without waiving these objections, Defendants respond to this request as follows: After a diligent search and reasonable inquire, Defendant has not discovered any documents in its [possession] that is responsive to this request for inmates grievances kept within IATS against Defendant McTaggart for "similar acts" claimed in plaintiff lawsuit.

(ECF No. 45 at 21-22.)

---

[7] Plaintiff's motion combines McTaggart's RPD Request Nos. 4 and 5, but for clarity they are addressed separately.

In his motion, plaintiff cites to a complaint filed by a fellow inmate Rodger Alley with the log number "079785." Plaintiff believes that this grievance alleges that defendant McTaggart, along with other officers and defendants, beat the complainant, placed him in handcuffs, and left him in a "cage" for several hours without food, water, or a toilet. Plaintiff contends Alley's claims in his complaint are sufficiently similar to plaintiff's claims herein, demonstrating that defendants' claims that they have not discovered any documents responsive to complaints of misconduct against defendants Quiring and McTaggart are misleading and false. (ECF No. 30 at 8.) Plaintiff claims such records of misconduct are material to support plaintiff's case before a jury because defendants in this case have a significant history of misconduct toward the inmate population at A-Facility at MCSP. (ECF No. 30 at 9.)

In opposition,

> [d]efendants repeat the objections stated in their response. Defendants again repeat that after a diligent search and reasonable inquiry, defendants have not discovered any documents in its possession that would be responsive to the request. Accordingly, the Court should deny this request. In regards to the grievance with the log number 079785, plaintiff is mistaken. Defendant McTaggart was interviewed as a witness to the alleged misconduct of two other staff members, who are not named defendants in the matter. Defendant McTaggart was not the subject of the grievance. Defendant McTaggart's name does not appear in the grievance at all. Defendants would consent to an in-camera review by the Court of these grievance documents and the administrative response.

(ECF No. 41 at 17.)

Defendant McTaggart RPD No. 1

> Produce grievance # Log, 079785 -- submitted by inmate Roger Alley CDCR #T.36335, specifically on this grievance you were identified as an integral participant in acts that are sufficiently similar to the claims brought in plaintiff law suit.

(ECF No. 45 at 18.)

Response

> Defendants object to this request as compound. Defendants further object to this request as vague and ambiguous, specifically with respect to the terms "integral participant," "acts," "sufficiently similar" and "the claims." Defendants further object to this request

17

> because it seeks information that is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants further object to this request on the grounds that it seeks information that is protected from disclosure by the official-information privilege, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, because it seeks grievances or complaints submitted by inmates who have not consented to the release of their grievances, and that are protected by state and federal privacy laws, including the official information privilege, California Code of Regulations, title 15, section 3370, and California Penal Code sections 832.7 and 832.8. Defendants further object to this request on the ground that it seeks confidential peace officer personnel information protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. Subject to and without waiving these objections, defendants respond to this request as follows:  No confidential documents will be produced.  A privilege log has been provided and attached hereto.

(ECF No. 45 at 18-19.)

Plaintiff argues that defendant's objections are unjustified because the grievance was submitted by another inmate and made against defendants Quiring, McTaggart, and Medina for similar acts as those claimed in plaintiff's complaint.

In opposition,

> Defendants repeat their objections to this request.  Defendants again repeat that Defendant McTaggart is not the subject of the grievances with the log number 79785, nor is any other Defendant in this matter.  The grievance in question is made against two officers, neither of which are named Defendants in this matter.  Defendant McTaggart was interviewed as a witness to the alleged misconduct of the other officers, but was not herself listed as an accused staff member for the grievance.  Although this Request is directed towards Defendant McTaggart, Defendants will also point out that neither Defendant Quiring nor Medina are listed as subjects of this inmate complaint as well.  Defendants would consent to an in-camera review by the Court of these grievance documents and the administrative response.

(ECF No. 41 at 19.)

Discussion

Grievance No. 79785.  Plaintiff objects that defendants failed to produce grievance no. 79785; despite defendants' claim that they were not the subject of such grievance, they were

18

named in the lawsuit based on such grievance. Alley v. Saelee, Case No. 2:22-cv-00-0661 DB (E.D. Cal.). However, review of the complaint filed in Alley confirms that none of the individuals named as defendants herein were named by Alley in grievance no. 79785. Id. (ECF No. 1 at 3:4).[8] Indeed, Alley sets forth in detail the allegations he included in grievance no. 79785, which include no reference to any defendant named herein, and Alley expressly states "[t]he only names that were provided were defendants A. Saelee and R. Denniston." Id.

Alley went on to explain that he subsequently filed another grievance naming additional prison staff, including McTaggart, Medina, and Quiring, but the Appeals Office refused to respond. Id.

Although some of the defendants named herein were identified by Alley in his complaint, plaintiff's discovery requests did not ask for complaints in which defendants were named. Neither Saelee nor Denniston are named as defendants herein. Because the defendants in this action properly responded to discovery requests concerning grievance no. 79785, and none of the individuals sued herein were named in grievance no. 79785, no further response is required.

Remaining Grievances: Defendants provided a privilege log as to Inmate Grievances No. 100163 (Medina), 130469 (Rowe), 180097 (Rowe), 0201831 (Rowe), 0201901 (Rowe). (ECF No. 50 at 7-11.) Defendants have met their burden; thus, the court will conduct an in camera review of such grievances. Davis, 2020 WL 9074713 at *7.

E. Supplemental Request for Production of Documents

On October 30, 2022, plaintiff submitted additional requests for production of documents. However, as argued by defendants, such requests were propounded too late. Under the discovery and scheduling order, "[a]ll requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to" the discovery deadline of December 2, 2022, meaning discovery requests must be served by October 4, 2022. (ECF 26 at

---

[8] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). Further, plaintiff's reply (ECF No. 45 at 6-7) demonstrates that he has a copy of the complaint filed in case 2:22-cv-0661 DB (ECF No. 45 at 37-56), and all filings therein are a matter of public record, equally available to all parties in this case.

6.) Thus, plaintiff's supplemental discovery requests were untimely. Nevertheless, plaintiff's supplemental requests duplicated his prior discovery requests. To the extent plaintiff again attempted to obtain video evidence or a 7219 form, defendants cannot be compelled to turn over discovery that does not exist.

III. Scheduling

Discovery as to defendants Quiring, McTaggart, Rowe and Medina is closed.

Newly named defendant Chamberlin filed an answer. (ECF No. 49.) The parties may conduct discovery as to defendant Chamberlin until November 13, 2023. All requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

The pretrial motions deadline will be reset following completion of the in camera review. All parties shall refrain from filing dispositive motions until discovery has closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 30) is partially granted; within twenty-one days from the date of this order, defendants shall submit for in camera review the following inmate grievances: Nos. 100163, 130469, 180097, 0201831, and 0201901. In all other respects, the motion to compel is denied.

2. Discovery as to defendants Quiring, McTaggart, Rowe and Medina is closed.

3. The parties may conduct discovery as to defendant Chamberlin until November 13, 2023. All requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

Dated: August 10, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cast2196.mtc