UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CASTENEDA,<br><br>                Plaintiff,<br><br>        v.<br><br>J. QUIRING, et al.,<br><br>                Defendants. | No.  2:21-cv-2196 DAD KJN P<br><br>ORDER AND FURTHER SCHEDULING ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983.  On August 10, 2023, defendants J. Quiring, K. McTaggart, J. Rowe and S. Medina were directed to submit certain grievances for in camera review.  (ECF No. 51.)  Defendants timely submitted such documents.  The court has completed the in camera review.

As set forth below, plaintiff's motion to compel production of certain inmate grievances is denied.

Plaintiff's Second Amended Complaint

Plaintiff, under the EOP level of mental health care, alleges that on two separate occasions in April of 2021, defendants J. Quiring, K. McTaggart, J. Rowe and S. Medina conspired to violate plaintiff's Eighth and First Amendment rights by handcuffing his hands extremely tight behind his back and placing him in a small stand up cage with no seat and without water or restroom breaks for four hours and eight hours, respectively, while mocking plaintiff and

1

telling him to file an appeal like plaintiff "always" does. (ECF No. 36.) Plaintiff also alleges that defendants K.E. Chamberlin and M.K. Arteaga, both LVNs, refused to render plaintiff medical care and conspired with the other defendants in violation of the Eighth Amendment. (ECF No. 36 at 6-7.)

Standards

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The Court has broad discretion to manage discovery. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted); Jeff D. v. Otter, 643 F.3d 278, 289 (9th Cir. 2011) (citing Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988)).

Discussion

In connection with their opposition to plaintiff's motion to compel, defendants provided a privilege log (ECF No. 50), and the declaration of D. Santos, litigation coordinator at Mule Creek State Prison, objecting that the documents sought are subject to third party privacy interests and the official information privilege. (ECF No. 41 at 25-29.) Pursuant to court order, defendants produced, for in camera review, documents related to five different administrative appeals from the Inmate Appeals Tracking System ("IATS"). (ECF No. 51.)

The official information privilege is qualified. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages." Id. "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987)).

Inmate grievances against defendants based upon the same type of conduct at issue in this action are relevant. See Garcia v. Cluck, 2013 WL 6441474, at *2 (S.D. Cal. Dec. 9, 2013) (finding complaints by inmates about conduct similar to the plaintiff's allegations of retaliation are relevant, and directing production of same with redactions based on potential privacy concerns); see Houston v. Eldridge, 2018 WL 1014459, at *5 (E.D. Cal. Feb. 22, 2018) (finding pro se prisoner entitled to discovery of grievances filed by other inmates against defendants for similar claims, despite relevancy objection). Third party privacy concerns may be protected by redacting confidential information.

The undersigned reviewed the grievances submitted in camera and finds that none of the grievances are relevant because they do not allege the same type of conduct at issue in this action and none of them allege retaliation based on the inmate's conduct protected under the First Amendment. Thus, defendants' objections are sustained, and no further production is required in connection with plaintiff's motion to compel.

Further Scheduling

The discovery deadline as to defendant Chamberlin expires November 13, 2023. (ECF No. 51.) Discovery is closed as to the remaining defendants. Good cause appearing, the pretrial motions deadline is reset for February 13, 2024. In all other respects, the August 2, 2022 discovery and scheduling order (ECF No. 26) remains in effect.

The parties shall refrain from filing motions for summary judgment until after the discovery deadline expires.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 30) further production of inmate grievances identified in defendants' privilege log (ECF No. 50) is denied; and

2. The pretrial motions deadline is reset for February 13, 2024. In all other respects, the August 2, 2022 discovery and scheduling order (ECF No. 26) remains in effect.

Dated: October 5, 2023

/cast2196.icr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE