UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CASTENEDA, | No. 2:21-cv-2196 DAD KJN P |
| Plaintiff, | |
| v. | ORDER |
| J.QUIRING, et al., | |
| Defendants. | |

On November 13, 2023, plaintiff filed a document entitled "Motion to Compel Production of Documents." Plaintiff seeks production of two grievance forms he claims raise issues similar to those alleged herein. Defendants oppose the motion noting that the two grievances do not raise issues similar to those alleged herein and offer to submit the grievances for in camera review. As discussed below, plaintiff's motion to compel is denied.

Plaintiff's Second Amended Complaint

Plaintiff, under the EOP level of mental health care, alleges that on two separate occasions in April of 2021, defendants J. Quiring, K. McTaggart, J. Rowe, and S. Medina conspired to violate plaintiff's Eighth and First Amendment rights by handcuffing plaintiff's hands extremely tight behind his back and placing him in a small stand up cage with no seat and without water or restroom breaks for four hours and eight hours, respectively, while mocking plaintiff and telling him to file an appeal like plaintiff "always" does. (ECF No. 36.) Plaintiff also

1

alleges that defendants K.E. Chamberlin and M.K. Arteaga, both LVNs, refused to render plaintiff medical care while he was in the cage and conspired with the other defendants in violation of the Eighth Amendment.  (ECF No. 36 at 6-7.)

Standards

The Federal Rules of Civil Procedure generally allow for broad discovery.  Fed. R. Civ. P. 26(b)(1).  The Court has broad discretion to manage discovery.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted); Jeff D. v. Otter, 643 F.3d 278, 289 (9th Cir. 2011) (citing Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988)).

Request for Production No. 1

> Produce complains of misconduct contained in Defendants personell [sic] file and in the appeals coordinator-office records made against Defendant that are sufficiently similar to the plaintiff claims in the law suit, including grievances, appeals, notices of progressive discipline, adverse personell [sic] action, counseling, reprimand, and remedial training, related to inmates complaints against Defendant K.E. Chamberlin alleging refusal to render medical-care, and refusal to report and document inmates injuries in a CDCR 7219 injury form.

Response to Request for Production No. 1

> Defendants object to this request as compound. Defendants further object to this request as vague and ambiguous, specifically with respect to the terms "complains," "sufficiently similar," "progressive discipline," "adverse personal action," "counseling," "reprimand," and "remedial training."
>
> Defendants further object to this request because it seeks information that is not proportional to the needs of this case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.
>
> Defendants further object to this request on the grounds that it seeks information that is protected from disclosure by the official-information privilege, the disclosure of which would create a hazard to the safety and security of the institution, prison officials, and inmates, and violate privacy rights afforded to prison officials and inmates, because it seeks grievances or complaints submitted by inmates who have not consented to the release of their grievances, and that are protected by state and federal privacy laws, including the official-information privilege, California Code of Regulations, title 15, section 3370, and California Penal Code sections 832.7 and 832.8. Defendants further object to this request on the ground that it seeks confidential peace officer personnel information protected by the official information privilege, California Government Code

> section 6254, and California Evidence Code sections 1040, 1041, and 1043.
>
> Subject to and without waiving these objections, Defendants respond to this request as follows: No confidential documents will be produced. A privilege log has been provided and attached hereto.

(ECF No. 57 at 5-6.)  Plaintiff provided a copy of defendants' privilege log. (ECF No. 56 at 5-6.)

Discussion

As argued by defendants, the two grievances at issue are not sufficiently similar to demonstrate they would be probative of plaintiff's claims in this action.  In grievance MCSP SC 21000070, the inmate complained that MCSP nursing staff refused to give the inmate an extra estrogen patch which was received in the inmate's supply of estrogen patches.  In grievance MCSP SC 22000098, the inmate complained that numerous mental health service forms went missing.  Such grievances are not relevant to plaintiff's claims in this action, and do not appear likely to lead to the discovery of relevant information.  Defendants' objection is sustained, and plaintiff's motion to compel is denied.  No further production is required.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. .56) is denied.

Dated:  December 21, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cast2196.mtc3