UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CASTENEDA,<br><br>        Plaintiff,<br><br>    v.<br><br>J. QUIRING, et al.,<br><br>        Defendants. | No. 2:21-cv-02196-DAD-CSK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 66, 80) |

      Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 18, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment (Doc. No. 66) be granted in part and denied in part. (Doc. No. 80.) Specifically, in thorough and detailed findings and recommendations the magistrate judge concluded that: 1) genuine issues of material fact precluded summary judgment in favor of the custody defendants as to plaintiff's Eighth Amendment excessive force claim for overly tight handcuffing; 2) under the undisputed evidence before the court the custody defendants were entitled to summary judgment as a matter of law with respect to plaintiff's Eighth Amendment conditions of confinement claims; 3) based upon the undisputed evidence no reasonable jury could find for plaintiff on his First Amendment

1

retaliation claim and defendants were therefore entitled to summary judgment on that claim; 4) the undisputed evidence established that defendants Chamberlin and Arteaga were entitled to summary judgment in their favor as to plaintiff's Eighth Amendment medical care and failure to document his injuries claims; and 5) because plaintiff had failed to present evidence on summary judgment demonstrating any actual deprivation of his constitutional rights in large part, defendants were entitled to summary judgment as to plaintiff's conspiracy claim except as to the aspect of that conspiracy claim based upon the alleged overly tight handcuffing of plaintiff in violation of the Eighth Amendment. (*Id.* at 13–30.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 35.) To date, no objections to the findings and recommendations have been filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations (Doc. No. 80) are ADOPTED in full;
2. Defendants' motion for summary judgment (Doc. No. 66) is GRANTED in part and DENIED in part, as follows:
    a. Custody defendants McTaggart, Quiring, Rowe and Medina are GRANTED summary judgment in their favor on plaintiff's Eighth Amendment excessive force claims based on plaintiff's placement in the holding cells on April 1 and 2, 2021; plaintiff's Eighth Amendment claims challenging the conditions of his confinement in the holding cells; and plaintiff's First Amendment retaliation claims;
    b. Defendants Chamberlin and Arteaga are GRANTED summary judgment in their favor on plaintiff's Eighth Amendment medical care claims brought against them;

/////

      c. All defendants are GRANTED summary judgment on plaintiff's conspiracy claims based on plaintiff's alleged constitutional violations as to his placement in the holding cells on April 1 and 2, 2021, the conditions of confinement in the holding cells, and retaliation; and

      d. Custody defendants McTaggart, Quiring, Rowe and Medina are DENIED summary judgment on plaintiff's Eighth Amendment excessive force claim for overly tight handcuffing and the related conspiracy claim as to the handcuffing of plaintiff; and

3. This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **March 14, 2025**

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE